IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAPHNE L ARRINGTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-3635 |
| | § | |
| GREEN TREE SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Daphne Arrington seeks an injunction prohibiting defendant Green Tree Servicing, LLC ("Green Tree") from conducting a nonjudicial foreclosure on the house at 4318 Sunlit Pass Loop, Humble, Texas. (Docket Entry No. 18).[1]  She must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).  For the reasons that follow, Arrignton's motion is denied.

In February 2012, Arrington signed a note payable to the order of Bank of America, N.A. ("BOA").  She also signed a deed of trust conveying, in trust, the real property described above to the trustee for the benefit of BOA.  BOA assigned its rights under the deed of trust to Green Tree.

---

[1] Arrington also filed an ex parte motion for expedited consideration of her motion. (Docket Entry No. 23). Arrington filed her motion for injunctive relief on March 25, 2013. The foreclosure sale is schedule for April 2, 2013. The motion is granted in light of the impending foreclosure sale.

Arrington defaulted on the note and deed of trust. Following proper notice, a November 6, 2012 nonjudicial foreclosure sale was scheduled. Arrington filed this lawsuit to stop the foreclosure sale.

Green Tree argues that Arrington lacks standing to challenge the nonjudicial foreclosure because she conveyed her interest in the property to a trust through a quitclaim deed several weeks before she filed this lawsuit. (*See* Docket Entry No. 22, Ex. C, Quitclaim Deed). Arrington — as Daphne L. Curtis — conveyed the property to "Outreach Trust, 4830 Wilson Rd Ste 300 PMB 13 . . . for the benefit of [ ] Lamont Arrington." (*Id.* (emphasis omitted)). The quitclaim deed abandoned Arrington's "claim or demand [to] any right of title to the aforesaid tract of . . . land or appurtenances, or any rights thereof," but did not purport to modify or abandon her obligations on the note. (*Id.*)

To contest a bank's foreclosure under a deed of trust, a party must, at the time of the foreclosure, either (1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or (2) have an ownership interest in the property affected by the foreclosure. *See, e.g.*, *Ursic v. NBC Bank S. Tex., N.A.*, 827 S.W.2d 334, 336 (Tex. App.—Corpus Christi 1991, writ denied); *EMC Mortg. Corp. v. Window Box Ass'n*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.); *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ). "[A] quitclaim deed conveys the grantor's rights in . . . property, if any." *Geodyne Energy Income Prod. P'ship I–E v. Newton Corp.*, 161 S.W.3d 482, 486 (Tex. 2005). Arrington cannot meet her burden to enjoin the foreclosure sale without an ownership interest. The record shows that she assigned any ownership interest to the trust for the benefit of Lamont Arrington. Although she may have remained liable on the promissory note, the note securing the mortgage is merely "'a security interest in real property which secures the repayment of the mortgage loan'" and does not convey an ownership interest.

*Lamb v. Wells Fargo Bank, NA*, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (quoting *Smith v. Litton Loan Servicing, LP*, 2012 WL 1444636, at *1 (E.D. Mich. Apr. 26, 2012).  Lamont Arrington is not a party and has not challenged the foreclosure sale.  Because Daphne Arrington has not shown that she is a proper party to challenge it, she cannot demonstrate a substantial likelihood of success on the merits.

Even if Arrington were a proper plaintiff, her claims indicate no likelihood of success.  Arrington states that "[t]his matter arises out of Defendant's actions seeking to foreclose on Plaintiff's home/property.  Plaintiff is alleging wrongful foreclosure in that the Defendant can not produce valid proof of claim to have standing to foreclose and clouded title."  (Docket Entry No. 18, at 1).  Arrington's claims are apparently based on Green Tree's alleged inability to prove that it is the owner or holder of the note or deed of trust.[2]  Production of the original note, however, is not necessary to foreclose pursuant to a deed of trust in Texas.  *Crear v. JP Morgan Chase Bank, N.A.*, 2011 WL 1129574, at *1, n.1 (5th Cir. Mar. 28, 2011) (unpublished, per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)).  The Texas Property Code permits either a mortgage servicer or mortgagee to administer a deed of trust or contract lien foreclosure without production of the original note.  *Id.*  Section 51.0025 of the Texas Property Code permits a mortgage servicer to "administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if . . . the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage" and the required notice under Section 51.002(b) is given.  Section 51.0001 of the Texas Property Code defines "mortgagee" as "the

---

[2] Arrington has also filed a motion seeking to compel defense counsel to submit an affidavit stating whether Green Tree is a holder in due course and whether Green Tree's attorneys are acting as debt collectors. (Docket Entry No. 19). Green Tree opposed the motion. (Docket Entry No. 21). There is no legal basis for such a request and, for the reasons stated in Green Tree's opposition and also explained below, Arrington's motion is denied.

grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4)(A)–(C). Green Tree has produced a signed and notarized assignment of the deed of trust from BOA to Green Tree. (Docket Entry No. 22, Ex. C). Green Tree likely qualifies as either a mortgagee servicer or mortgagee and has a right to conduct a nonjudicial foreclosure. Under well-settled law, Arrington's claims are unlikely to succeed. She cannot meet her burden to obtain the injunction she seeks.

For these reasons, Arrington's motion to enjoin the April 2, 2013 foreclosure sale is denied.

SIGNED on April 2, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge